**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEVADA RAILROAD MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARIZONA EASTERN RAILWAY COMPANY; IOWA PACIFIC HOLDINGS, LLC, <br><br> Defendants. | No. CV 09-2658-PHX-JAT <br><br> **ORDER** |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company); *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (discussing the citizenship of a corporation).

Accordingly,

**IT IS ORDERED** that by January 27, 2010, Plaintiff (who is the party asserting jurisdiction and therefore the party with the burden of pleading jurisdiction, *see id.*) shall file an amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.

1 **IT IS FURTHER ORDERED** that Plaintiff is cautioned that it will be given one opportunity to amend to cure the jurisdictional defects. The Court will not issue additional sua sponte show cause orders to advise Plaintiff how to plead jurisdiction.[1] Therefore, if the amended complaint fails to plead federal subject matter jurisdiction, this case will be dismissed without the Court sua sponte granting Plaintiff any further opportunities to amend.

**IT IS FURTHER ORDERED** that the motion for extension of time to answer (Doc. #12) is denied as moot; Defendants shall answer the amended complaint within 14 days of when it is filed.

DATED this 13th day of January, 2010.

James A. Teilborg
United States District Judge

---

[1] The Court should not give a party advice because advice undermines the district judge's role as an impartial decision maker. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).